Kafafian v. Young

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of April, two thousand twelve.

PRESENT: DENNIS JACOBS,
                    Chief Judge,
         BARRINGTON D. PARKER,
         PETER W. HALL,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

DONALD KAFAFIAN,
         Plaintiff-Appellant,

         -v.-                                    11-4000

WILLIAM D. YOUNG, JR., FAIRFIELD
POLICE DETECTIVE,
         Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Edward T. Murnane, Jr. (Gary A.
                        Mastronardi, on the brief), Law
                        Firm of Gary A. Mastronardi,
                        Bridgeport, Conn.

**FOR APPELLEE:**                    Michael J. Rose (Johanna G.
                                     Zelman, Rachel L. Ginsburg, on
                                     the brief), Rose Kallor, LLP,
                                     Hartford, Conn.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Donald Kafafian appeals from the dismissal of his complaint against Detective William D. Young of the Fairfield Police Department, alleging that Young arrested him without probable cause and was negligent in failing to fully investigate the allegations against him.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review de novo the dismissal of a complaint under Rule 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff."  Hutchison v. Deutsche Bank Secs., Inc., 647 F.3d 479, 483–84 (2d Cir. 2011) (internal quotation marks omitted).

"An arresting officer is entitled to qualified immunity from a suit for damages on a claim for arrest without probable cause if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met."  Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991); see also Martinez v. Simonetti, 202 F.3d 625, 34 (2d Cir. 2000) ("[I]n the context of a qualified immunity defense to an allegation of false arrest, the defending officer need only show 'arguable' probable cause.").  Scott Jevarjian told Young that Kafafian was an employee of his business who obtained business credit cards without approval and charged personal expenses to one such card.  Young confirmed that Kafafian had obtained a business credit card, used it for hotel rooms, meals, and liquor, and paid the balance with funds from a business account.  Kafafian admitted to Young that he was not a legal partner but asserted that he was a de facto partner.  Even if Young's affidavit supporting the

2

arrest were "corrected" to reflect this contention, and others made by Kafafian, see Velardi v. Walsh, 40 F.3d 569, 573 (2d Cir. 1994), Young had arguable probable cause to arrest Kafafian for embezzlement. "The crime of embezzlement is consummated where . . . the defendant, by virtue of his agency or other confidential relationship, has been entrusted with the property of another and wrongfully converts it for his own use." State v. Lizzi, 508 A.2d 16, 19 (Conn. 1986); see also Conn. Gen. Stat. § 53a-119(1). Even assuming Kafafian was, as he alleges, the de facto controlling partner with authority to make financial decisions for the business, an officer could arguably find probable cause to arrest based on allegations and evidence that Kafafian was taking money for unauthorized, personal use.

"Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. . . . Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature." Martel v. Metro. Dist. Comm'n, 881 A.2d 194, 202 (Conn. 2005) (alteration in original) (internal quotation marks omitted). "The hallmark of a discretionary act is that it requires the exercise of judgment." Id. (internal quotation marks omitted). The extent to which a police officer investigates a complainant's allegations before applying for an arrest warrant is a matter of discretion. See, e.g., Brown v. Dooling, No. CV 900032598S, 1998 WL 43197, at *4 (Conn. Super. Ct. Jan. 23, 1998) ("How far to investigate a complaint is a matter of police discretion and necessarily so."). Accordingly, the district court did not err in determining that Young has qualified immunity.

Finding no merit in Kafafian's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK